

RECEIVED

JAN - 4 2022

CITY OF DULUTH
OFFICE OF CITY ATTORNEY

STATE OF MINNESOTA

COUNTY OF ST. LOUIS

RECEIVED

JAN - 4 2022
NOV 08 2021
CITY OF DULUTH
CITY CLERK'S OFFICE

DISTRICT COURT

SIXTH JUDICIAL DISTRICT

Case Type: Personal Injury

---

Christopher Cone Jr.,

                    Plaintiff,

        vs.

City of Duluth and Matt McShane, in
his official and individual capacity,

                    Defendants.

Civil File No. _____

**SUMMONS IN A CIVIL ACTION**



EXHIBIT
A

---

TO:   City of Duluth
      411 W. 1st St.
      Duluth, MN 55802

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons to the address below.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need

to respond.  A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: January 3, 2022

Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
TriTech Center
Minneapolis, Minnesota 55401
Phone: (612) 470-7179
Email: tim@timphillipslaw.com

**ATTORNEY FOR PLAINTIFF**

STATE OF MINNESOTA

COUNTY OF ST. LOUIS

DISTRICT COURT

SIXTH JUDICIAL DISTRICT

Case Type: Personal Injury

| | |
|---|---|
| Christopher Cone Jr.,<br>                    Plaintiff,<br>    vs.<br>City of Duluth and Matt McShane, in<br>his official and individual capacity,<br>                    Defendants. | Civil File No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. This is an action for monetary relief under 42 U.S.C. §§ 1983 and 1988, and under the common law of the State of Minnesota.

## PARTIES

2. Plaintiff Christopher Cone ("Plaintiff" or "Cone") is a resident of Superior, Wisconsin.

3. Defendant City of Duluth is a municipality incorporated in the State of Minnesota.

4. Defendant Matt McShane committed the acts set forth below as an agent or employee of Defendant City of Duluth. Plaintiff is suing him in his official and individual capacity.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to Minn. Stat. § 484.01 *et seq.* Venue lies properly in St. Louis County, Minnesota pursuant to Minn. Stat. § 542.01 *et seq.*, as the events giving rise to this action occurred in St. Louis County.

## BACKGROUND

6. Christopher Cone, the plaintiff in this case, burned a flag on October 13, 2020.

7. Plaintiff's act of burning a flag was not a direct personal insult or an invitation to exchange fisticuffs, and no reasonable onlooker would have regarded Plaintiff's "generalized expression of dissatisfaction with the policies of the Federal Government as a direct personal insult or an invitation to exchange fisticuffs." *Texas v. Johnson*, 491 U.S. 397, 409 (1989).

8. Plaintiff's nonverbal conduct involved in burning a flag on October 13, 2020 was expressive.

9. Defendant Matt McShane retaliated against Plaintiff for burning a flag.

10. Defendant McShane did so by grabbing Plaintiff, informing Plaintiff that he was being detained, bringing Plaintiff to a squad car, searching Plaintiff, removing Plaintiff's backpack and mask, placing Plaintiff in the back of a squad car, driving Plaintiff a few blocks away from the protest he had been attending, engaging Plaintiff in an involuntary conversation about his conduct, and giving Plaintiff a ticket.

11. Defendant McShane's retaliation against Plaintiff was due to Plaintiff's expressive conduct, specifically burning a flag.

12. As a direct result of Defendant McShane citing or ticketing Plaintiff, Plaintiff was charged with Arson and Disorderly Conduct.

13. The Prosecuting Attorney dismissed the charges against Plaintiff on October 29, 2021, and listed the following reason in the Dismissal of the Complaint: "Conduct protected by First Amendment."

14. The City of Duluth is vicariously liable for the acts of its employee, Defendant McShane, as these acts were committed in the scope of Defendant McShane's employment.

## FIRST CAUSE OF ACTION
### *False Arrest in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*

15. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

16. Defendant McShane, acting under color of state law, arrested Plaintiff without a warrant.

17. At the time Defendant McShane arrested Plaintiff without a warrant, it was clearly established that a warrantless arrest complies with the Fourth Amendment only "if it is supported by probable cause." *Borgman v. Kedley*, 646 F.3d 518, 522 (8th Cir. 2011).

18. Defendant McShane did not have probable cause, or even arguable probable cause, to arrest Plaintiff, who was clearly identifiable as a person engaged in conduct protected by the First Amendment.

19. As a proximate cause of Defendant McShane's violation of Plaintiff's rights as protected by the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff was harmed.

## SECOND CAUSE OF ACTION
### *Retaliation in Violation of 42 U.S.C. § 1983 and the First and Fourteenth Amendments*

20. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

21. Plaintiff was exercising his First Amendment rights to free speech and/or the right to peacefully assemble on October 13, 2020.

22. Defendant McShane grabbed Plaintiff, informed Plaintiff that he was being detained, brought Plaintiff to a squad car, removed Plaintiff's backpack and mask, placed Plaintiff in the back of a squad car, drove Plaintiff a few blocks away from the protest he had been attending, engaged Plaintiff in an involuntary conversation about his conduct, and gave Plaintiff a ticket, all of which was in retaliation for Plaintiff's exercise of his First Amendment rights.

23. Defendant McShane's conduct amounted to an arrest of Plaintiff, and Defendant McShane lacked probable cause to arrest Plaintiff.

24. Defendant McShane's conduct also amounted to a detention of Plaintiff, and Defendant McShane lacked reasonable suspicion to detain Plaintiff.

3

25. Defendant McShane lacked any justification whatsoever to ticket Plaintiff, which directly resulted in criminal charges against Plaintiff.

26. Defendant McShane's retaliation against Plaintiff violated Plaintiff's constitutional rights.

27. Defendant McShane acted under color of law when he engaged in the conduct described above.

28. Defendant McShane's unlawful retaliation was willful and recklessly indifferent to the constitutional rights of Plaintiff.

29. Plaintiff suffered harm as a direct and proximate result of Defendant McShane's violation of Plaintiff's First Amendment rights.

### THIRD CAUSE OF ACTION
*Unreasonable Seizure in Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments*

30. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

31. Plaintiff was unlawfully detained and unreasonably seized in violation of his Fourth Amendment rights.

32. At the time Defendant McShane seized Plaintiff, there was no indication that Plaintiff had committed, or was about to commit, a crime.

33. There was no basis under *Terry v. Ohio*, 392 U.S. 1 (1968), to stop and later search Plaintiff.

34. "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate to the purpose of the stop. Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." *United States v. Royer*, 460 U.S. 491, 500 (1983).

35. A reasonably prudent person under the circumstances Defendant McShane faced would not have been warranted in the belief that his or her safety, or that of others, was in danger.

4

36. Defendant McShane did not have reasonable suspicion that criminal activity was afoot and that Plaintiff was armed and dangerous.

37. At the time of Defendant McShane's unreasonable seizure of Plaintiff, it was clearly established that seizing someone in the absence of a reasonable suspicion of criminal activity violated the Fourth Amendment.

38. As a proximate cause of Defendant McShane's unreasonable seizure of Plaintiff, Plaintiff suffered harm.

### FOURTH CAUSE OF ACTION
### *Battery*

39. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

40. Defendant McShane intentionally caused harmful or offensive contact with Plaintiff. Defendant McShane also acted with malice, as it is defined in the context of official immunity, because Defendant McShane intentionally committed an act that Defendant McShane had reason to believe was legally prohibited. Specifically, Defendant McShane grabbed Plaintiff, informed Plaintiff that he was being detained, brought Plaintiff to a squad car, removed Plaintiff's backpack and mask, placed Plaintiff in the back of a squad car, drove Plaintiff a few blocks away from the protest he had been attending, engaged Plaintiff in an involuntary conversation about his conduct, and gave Plaintiff a ticket, all of which was in retaliation for Plaintiff's exercise of his First Amendment rights.

41. The City of Duluth is vicariously liable for the acts of its employee, Defendant McShane, as these acts were committed in the scope of Defendant McShane's employment.

42. As a direct and proximate result of Defendant McShane's actions, Plaintiff suffered harm.

## FIFTH CAUSE OF ACTION
### *False Arrest / Imprisonment*

43. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

44. The actions of Defendant McShane intentionally restricted Plaintiff's physical liberty on October 13, 2020.

45. Plaintiff was aware of and was harmed by these actions by Defendant McShane on October 13, 2020.

46. There was no reasonable means of escape known to Plaintiff after Plaintiff was grabbed by Defendant McShane and/or informed he was being detained on October 13, 2020.

47. Plaintiff's arrest on October 13, 2020 was made without proper legal authority.

48. Defendant City of Duluth is vicariously liable for the acts described above by Defendant McShane, as these acts were committed in the scope of Defendant McShane's employment.

49. As a proximate cause of the false arrest / imprisonment of Plaintiff by Defendant McShane, Plaintiff suffered harm.

## SIXTH CAUSE OF ACTION
### *Malicious Prosecution*

50. Plaintiff restates the allegations contained in the previous paragraphs as if fully set forth herein.

51. The criminal charges against Plaintiff were brought without probable cause or reasonable belief that the State of Minnesota would ultimately prevail on the merits.

52. Specifically, Defendant McShane knew or should have known that Plaintiff's conduct was protected by First Amendment and did not constitute information from which a reasonable and prudent officer could conclude there was probable cause to support criminal charges.

6

53. The criminal charges against Plaintiff were instituted and prosecuted with malicious intent, because Defendant McShane intentionally committed an act that he had reason to believe was legally prohibited.

54. The criminal case against Plaintiff terminated in Plaintiff's favor.

55. The City of Duluth is vicariously liable for the acts and omissions described above by Defendant McShane.

56. As a direct and proximate result of the actions described above, Plaintiff suffered harm.

**JURY DEMAND**

57. Plaintiff demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

**REQUEST FOR RELIEF**

Plaintiff requests relief as follows:

1. A declaration that Defendants' arrest of Plaintiff violated the First and Fourth Amendments;

2. Damages compensating Plaintiff for his injuries against all Defendants, jointly and severally, in an amount greater than $50,000;

3. Punitive damages against Defendant McShane as to the first and second causes of action as set forth in this Complaint pursuant to *Smith v. Wade*, 461 U.S. 30 (1983);

4. Prejudgment interest;

5. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

6. Such other further relief as this Court may deem just and proper.

7

Dated: January 3, 2022

Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
TriTech Center
Minneapolis, Minnesota 55401
Phone: (612) 470-7179
Email: tim@timphillipslaw.com


Dated: January 3, 2022          By: s/ Joseph G. Vaccaro
                                JOSEPH G. VACCARO
                                Attorney License No. 399531
                                The Law Office of Joseph G. Vaccaro
                                500 Laurel Avenue
                                St. Paul, MN 55102
                                Tel: (651) 321-3871
                                Email: joe@jgvlaw.com

                                ATTORNEYS FOR PLAINTIFF

## <u>ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211</u>

Plaintiff, through undersigned counsel, acknowledges that sanctions,

attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.


Dated: January 3, 2022

Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
TriTech Center
Minneapolis, Minnesota 55401
Phone: (612) 470-7179
Email: tim@timphillipslaw.com


Dated: January 3, 2022               By: <u>s/ Joseph G. Vaccaro</u>
                                     JOSEPH G. VACCARO
                                     Attorney License No. 399531
                                     The Law Office of Joseph G. Vaccaro
                                     500 Laurel Avenue
                                     St. Paul, MN 55102
                                     Tel: (651) 321-3871
                                     Email: joe@jgvlaw.com

                                     ATTORNEYS FOR PLAINTIFF

9